IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SUZIE SUAREZ,<br><br>            Plaintiff,<br>v.<br><br>UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br><br>Case No. 2:16-cv-00311-DB<br>District Judge Dee Benson |

Before the court is United States Bankruptcy Court for the District of Utah's ("Defendant") Motion to Dismiss Plaintiff's Civil Rights Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  Plaintiff Suzie Suarez ("Suarez") is proceeding pro se and has not responded to Defendant's motion to dismiss and the time for doing so has passed.  *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(3)(A).  Although Suarez's failure to respond provides the court grounds to grant Defendant's motion, the court will address the merits of Defendant's motion to dismiss.[2]

**BACKGROUND**

Between October 27, 1997, and May 2, 2012, Suarez was employed as a member of the clerical staff in the office of the Clerk of the Bankruptcy Court for the District of Utah.[3]  Between 2009 and 2011, Suarez utilized the Defendant's Employee Dispute Resolution Plan ("EDRP") to submit four complaints alleging that she had been subject to discrimination,

---

[1] Dkt. No. 9.
[2] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[3] Dkt. No. 9 at 3.

1

retaliation, and a hostile work environment because of her race, national origin, age, and disability.[4]

On May 2, 2012, Suarez resigned from her position.[5] Suarez claims that her resignation was involuntary due to mistreatment by Defendant.[6] After her resignation, Suarez utilized Defendant's EDRP to resolve her complaint and, on May 12, 2012, Suarez was provided with a final decision by Defendant.[7] Unsatisfied with Defendant's response to her EDRP complaint, Suarez filed the above captioned lawsuit alleging that Defendant forced her to resign from her position in retaliation for filing administrative complaints against her supervisors.[8]

Suarez's complaint is difficult to follow, but appears to assert that Defendant violated her civil rights under one or more of the following statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), or the Rehabilitation Act.[9] Suarez's complaint also seems to assert claims against Defendant pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[10]

## STANDARDS OF REVIEW

Suarez is proceeding pro se.[11] Therefore, the court will "construe [her] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citations omitted). However, Suarez's pro se status does not discharge her from complying with the court's rules and procedures, and the court will not assume an advocacy role on Suarez's behalf. *See Nielsen*

---

[4] Dkt. No. 9 at 4–5.
[5] *Id.* at 5.
[6] *See* Dkt. No. 3 at 3–6.
[7] *Id.* at 24.
[8] *See id.* at 3.
[9] *See id.* at 3–6.
[10] *Id.* at 1.
[11] Dkt. Nos. 1, 3.

*v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting that the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (quotations and citations omitted)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court may dismiss a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction involves a court's authority to hear a given type of case" and the party invoking federal jurisdiction bears the burden of establishing that the court has subject matter jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the complaint facially. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citations omitted). Second, a party may go beyond the complaint and challenge the factual basis on which the plaintiff seeks to assert the court's subject matter jurisdiction. *Id.* at 1003.

In this case, Defendant facially attacks Suarez's complaint. Defendant argues that none of the federal statues under which Suarez seeks relief provide her a remedy.[12] Accordingly, the court will accept all of Suarez's factual allegations as true and examine whether the federal statutes in question provide the court subject matter jurisdiction over this case.

## DISCUSSION

For the reasons that follow, Suarez's complaint is dismissed. None of the federal statutes under which Suarez seeks relief provide the court subject matter jurisdiction. Suarez's remedies, if any, must be sought administratively through Defendant's EDRP.

---

[12] Dkt. No. 9 at 2.

### A. Subject Matter Jurisdiction Under Title VII and the AEDA

Suarez was not employed in a competitive service position and, therefore, Suarez has no right to relief under Title VII or the ADEA. Both Title VII and the ADEA apply to "those units of the judicial branch of the Federal Government having positions in the competitive service." *See* 42 U.S.C. § 2000e-16(a); 29 U.S.C. § 633a(a). Competitive service positions are "civil service positions not in the executive branch which are specifically included in the competitive service by statute." 5 U.S.C. § 2102(a)(2). Clerical positions within the office of the Clerk of the Bankruptcy Court are not considered competitive service positions. *See Williams v. McClellan*, 569 F.2d 1031, 1033 (8th Cir. 1978); *see also Frost v. United States*, 115 Fed. Cl. 252, 255–57 (2014); *Bryant v. O'Connor*, 671 F. Supp. 1279, 1286 (D. Kan. 1986). Accordingly, as a former clerical employee in the office of the Clerk of the Bankruptcy Court, Suarez was not a competitive service employee and cannot bring a claim under either Title VII or the ADEA.

### B. Subject Matter Jurisdiction Under the Rehabilitation Act

The Rehabilitation Act does not apply to Suarez's complaints against the judiciary. The United States, as sovereign, is immune from suit except to the extent that it has waived its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "Sovereign immunity is jurisdictional in nature." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, in the absence of a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a claims against the government or a government agency. *Id.*

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability" may be discriminated against by certain federal agencies "solely by reason of her or his disability." 29 U.S.C. § 794(a). The United States has not waived its right to be sued under the Rehabilitation Act for actions taken by the judiciary. *Hollingsworth v. Duff*, 444 F. Supp. 2d

61, 64–65 (D.D.C. 2006) ("[T]he Rehabilitation Act does not cover judicial branch agencies" and does not, "on its face, extend to judicial branch employees."). Therefore, the court lacks subject matter jurisdiction over Suarez's Rehabilitation Act claim.

### C. Plaintiff's Section 1983 and Section 1985 Claims

To the extent Suarez has alleged violations of her rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, the claims fail for lack of subject matter jurisdiction. Section 1983 does not apply to actions taken by the federal government. *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (holding, §1983 "applies to actions by state and local entities, not to the federal government" (citations omitted)). Similarly, the United States has not waived its sovereign immunity in the context of § 1985. *See* 42 U.S.C. § 1985(3); *Woods v. U.S. Dep't of Educ.*, No. 2:09-cv-00634-CW, 2010 WL 3069595, at *1 (D. Utah June 29, 2010) ("Congress has not waived immunity to suits brought under 42 U.S.C. § 1983 or 42 U.S.C. § 1985." (citing cases)). Accordingly, Suarez's claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 are dismissed.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss[13] is GRANTED.

**IT IS SO ORDERED**.

DATED this 8th day of February, 2016.

BY THE COURT:

*Dee Benson*

DEE V. BENSON
United States District Judge

---

[13] Dkt. No. 9.